A party shall not
excuse himself
from answering a
bill in chancery,
by suggesting
that he must sub-
ject himself to a
supposed crime
or misdemeanor,
though the Court
will not subject
him by his own
oath to punish-
ment: *Mitford's
Plead.* ₊256. If
such bill is filed
merely for dis-

# Meres *vs* Chrisman, &c.

### APPEAL FROM THE FLEMING CIRCUIT.

*Torts. Bills of discovery. Chancery jurisdiction.*

JUDGE SIMPSON delivered the opinion of the Court.

THIS is a suit in chancery brought by the plaintiff in error against Alexander and John Chrisman. The complainant alledges that the defendant Alexander, seduced and debauched his infant daughter, and after setting forth such facts as would entitle him to a recovery at law for the injury, charges that the defendant, to prevent him from suing him at law, and obtaining legal redress, had fraudulently sold and conveyed his property to his father, and co-defendant, John Chrisman, and had absconded and left the State. He asked for, and obtained an attachment; and a demurrer having been filed to the bill, it was sustained, and the bill dismissed.

The decree of the Court dismissing the bill, is attempted to be sustained on two grounds.

1st. That as the commission of the offence charged subjected the defendant to a penal prosecution, he was not bound to answer to it.

And secondly, that a Court of chancery has no jurisdiction in cases of tort, and cannot take cognizance of such injuries, even where the defendant has left the State, so that process at law cannot be served upon him.

The first objection to this mode of proceeding is founded on a misconception of the nature of the rule in equity, which excuses a party from making a discovery that might subject him criminally. A party shall not protect himself against relief in a Court of equity, by alledging that if he answers the bill filed against him, he must subject himself to the consequences of a supposed crime or misdemeanor, though the Court will not force him by his own oath, to subject himself to punishment: (*Mitford's Pleadings,* 256.) If the bill in such a case is merely a bill of discovery, a demurrer to it will lie. But if it be

filed for relief, although the defendant may decline to answer, or may demur to that part of it which requires a discovery, yet a general demurrer, that precludes relief as well as discovery, will not be sustained.

But the second objection is a valid one, and fatal to the relief sought by the complainant. Our Acts of Assembly which authorize proceedings against absent and non-resident defendants, are confined to demands arising out of contracts. The jurisdiction of Courts of equity has not been extended to injuries in cases of tort. The Chancellor has no power in such cases to liquidate the damages. It is exclusively the province of the Courts at law, through the instrumentality of a jury, to determine the amount to which the plaintiff is entitled for such injuries. When the amount has been ascertained, and a judgment rendered for it, a Court of equity will lend its aid in removing obstacles in the way of its collection, and a suit in chancery may be instituted for that purpose. But the Chancellor has no jurisdiction in cases of tort, to give relief in damages for the injury, although the party aggrieved may not be able in consequence of the absence of the defendant from the State, to proceed at law and obtain a judgment.

It is true, that as the law stands, a party who has removed from the State, and has no place of residence in it, cannot be proceeded against at law for the purpose of enforcing his appearance, either by attachment or proclamation, which can only be resorted to upon the return of not found on a capias which has been previously issued; but if this be a defect in the law, and admitting that justice and expediency require that our citizens shall receive redress in our own Courts for injuries inflicted here, instead of being compelled to resort to the tribunals of another State to which the party has removed, it is with the Legislature alone to supply the remedy, it being the duty of the Judiciary to expound and enforce, and not to make the laws.

Wherefore, the decree of the Circuit Court dismissing the bill, is affirmed.

*Cord and Throop* for appellant; *Meeker* for appellees.

MERES
*vs*
CHRISMAN, &c.

covery, a demurrer will lie ; but if filed for relief, though deft. may decline to answer, or may demur to that part which requires a discovery; yet a general demurrer which precludes relief as well as discovery, will not be sustained.

The statutes of Ky. authorizing proceedings against absent defendants & non-residents, do not apply to cases of tort, but to cases arising out of contracts. Chancellor's jurisdiction does not extend to torts—he has no power to liquidate the damages.

As the laws of Kentucky now stand, there is no mode of compelling an appearance by attachment or proclamation, of a non-resident to answer for a tort committed in this State.